```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION

RAMAR DANIELS,                 )
                               )
Petitioner,                    )
                               )
vs.                            )    CAUSE NO. 3:16-CV-219
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )
```

**OPINION AND ORDER**

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Ramar Daniels, a *pro se* prisoner, on April 11, 2016. Here, Daniels challenges a disciplinary determination made by a hearing officer at the Westville Correctional Facility ("Westville") under case number WCC 16-01-0234. For the reasons set forth below, the court **DENIES** the petition (DE 1). The Clerk is **DIRECTED** to close this case.

BACKGROUND

On January 12, 2016, Lt. D. Moynihan prepared a conduct report charging Daniels with Offense B-212 assault/battery. (DE 18-1.) The conduct report stated:

> On 1/12/16 at 5:39 pm offender Daniels, Ramar was seen assaulting offender Harris, Shantae #248468 with closed fists. This was seen via CCTV.

(*Id.*)

On January 14, 2016, Daniels was notified of the charge of assault/battery and served with a copy of the conduct report and the screening report. (DE 18-2.) The screening report reflects that he pled not guilty and requested a lay advocate. He did not request any physical evidence. He requested the person he assaulted as a witness, but the screening officer apparently denied that request because Daniels could not provide the name of the offender. (Id.)

On October 23, 2015, a disciplinary hearing took place and the hearing officer and found Daniels guilty of the charge of assault/battery. (DE 18-4.) At the hearing, Daniels's comment was, "I believe this was fighting, not assault." (Id.) Daniels appealed to the Superintendent and Final Reviewing Authority, but those appeals were denied. (DE 18-5; 18-6.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).

To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Daniels raises four claims in his petition: (1) there was insufficient evidence to support the charge; (2) the video of the altercation was not reviewed; (3) he was denied a witness statement; and (4) he did not receive a copy of the conduct report or screening report.

First, Daniels claims there was insufficient evidence to find him guilty of assault/battery. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to

establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Offense B-212 assault/battery is defined as "committing a battery/assault upon another person without a weapon or inflicting bodily injury. (DE 18 at 10.) (Citing the Adult Disciplinary Process for Offenses within the Indiana Department of Corrections). In this case, it is clear that the record contains "some evidence" to support the hearing officer's determination that Daniels was guilty of assault/battery. The conduct report is some evidence that Daniels assaulted/battered another inmate. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). The conduct report reveals that Lt. Moynihan was watching CCTV (close circuit television) and saw Daniels assaulting another offender with closed fists. In addition, at the disciplinary hearing, Daniels effectively admits to hitting the other offender by claiming that it was "fighting not assault." Perhaps he thinks that a battery has to be a one-way activity and that it cannot be done by two people to each other. If so, this is incorrect. Two people can batter each other at the same time. Alternatively, perhaps he is arguing that he was acting in self-defense. However,

> inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. As such, the [DHB] was under no constitutional obligation to allow [the] claim that he was merely defending himself to serve as a complete defense to the charge of assault.

*Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (citation omitted). Both the Conduct Report and his own statement show that he battered the other inmate. Again, there is more than sufficient evidence to have found him guilty of assault/battery.

Second, Daniels complains that the video mentioned in the conduct report was never reviewed. A prisoner has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, but he must request such evidence. *Sweeney v. Parke*, 113 F.3d 716, 719-20 (7th Cir. 1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). Notably, Daniels had the opportunity to request the video evidence be reviewed, but he did not. The screening report reveals that Daniels did not request any video evidence. (DE 18-2). Thus, the hearing officer did not deny him the opportunity to present evidence. *Piggie v. McBride*, 277 F.3d 922, 924-25 (7th Cir. 2002); *Sweeney*, 113 F.3d at 720. Nevertheless, as explained below, because Daniels admitted to fighting with the other offender, reviewing the video of the incident was unnecessary.

Next, Daniels claims he requested, but was denied, a witness statement from the offender he battered. Apparently, the screening

officer denied the request because Daniels did not provide the name of the other offender. This is curious, though, as the other offender's name is included in the conduct report. Nevertheless, a prison disciplinary committee may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003). Daniels does not explain why he needs the other offender's statement. It seems irrelevant in light of Daniels' admission that he was fighting with him. Nevertheless, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Id.* at 666. This is not the case here. Again because Daniels effectively admitted to hitting the other offender, the statement from that other offender was irrelevant and Daniels' due process rights could not have been violated with respect to this evidence.

Finally, Daniels argues that he did not receive the conduct report or screening report. The respondent points out that Daniels did not present this claim to the Final Reviewing Authority. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir.

>    1992), the sort of "available State corrective process"
>    (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana
>    offers two levels of administrative review: a prisoner
>    aggrieved by the decision of a disciplinary panel may
>    appeal first to the warden and then to a statewide body
>    called the Final Reviewing Authority. Moffat sought
>    review by both bodies, but his argument was limited to
>    the contention that the evidence did not support the
>    board's decision. He did not complain to either the
>    warden or the Final Reviewing Authority about the board's
>    sketchy explanation for its decision. *O'Sullivan v.
>    Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1
>    (1999), holds that to exhaust a claim, and thus preserve
>    it for collateral review under § 2254, a prisoner must
>    present that legal theory to the state's supreme court.
>    The Final Reviewing Authority is the administrative
>    equivalent to the state's highest court, so the holding
>    of *Boerckel* implies that when administrative remedies
>    must be exhausted, a legal contention must be presented
>    to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002).

Because Daniels did not present this ground to the Final Reviewing Authority, it is procedurally defaulted. Procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate cause and prejudice. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Here, however, Daniels fails to even attempt to demonstrate either. Therefore, Daniels' procedural default is not excused and this ground is not a basis for habeas relief.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE 1). The Clerk is **DIRECTED** to close this case.

DATED: April 4, 2017                    /s/RUDY LOZANO, Judge
                                        United State District Court